*MONROE COUNTY—OCTOBER TERM, 1818.*

PRESENT—TAPPAN, *President;* OKEY, JONES AND ATKINSON, *Associates.*

## OHIO vs. MARTIN.

It is not a sufficient cause for granting a new trial that the jury after they were sent out, called one of the witnesses before them and heard the same testimony he had delivered in court, repeated.

### MOTION FOR A NEW TRIAL.

THIS was an indictment for larceny, tried at the last term; the jury returned a verdict of guilty; whereupon BEEBE & JENNINGS, for the defendant, filed a motion for a new trial, "because the jury had called one of the witnesses before them and heard testimony in the cause out of court," and also an affidavit in support of the motion, which stated that the deponent was examined as a witness on the trial, and that after the jury had retired to consider of their verdict, the constable who had charge of them asked him to go into the jury room, and informed him that the jury wished to see him; that he went into the jury room, and was there asked by some one or more of the jury, to repeat before them the evidence he had given in court; that he complied with the request, and repeated the same statement of facts which he had before sworn to on the trial, and nothing more. They cited Gilbert's Law of Evidence, 1194. LEAVITT for the state.

PRESIDENT—A new trial ought certainly to be granted in a case where the jury have essentially and grossly misbehaved, and this on public principles, that justice may be administered pure and unsuspected. Cases of such gross misbehaviour may result from the solicitation of a party to the suit, or they may be the act of one or more of the jury without any agency of the parties; but when the misconduct of the jury is an irregularity merely, it does not usually affect the verdict. If, in the case before us, the jury had heard testimony other and different from what had been given in court, it would have been sufficient to set aside the verdict; so, according to the case of Heyler vs. Hall, Palm. 315, if one of the parties had sent this witness before the jury, it would have been a ground for setting aside the verdict. It was irregular in the jury to send for this witness and hear his testimony repeated, for which they, as well as the constable, might be fined; but I cannot consider it as such gross misbehaviour as to require a new trial. In the case cited from Palmer, deposition, which had been read in Court, were sent by the plaintiff to the jury, and for that

BELMONT.
March, 1819.

reason, the verdict was set aside; but if those depositions had been obtained by the jury without the knowledge or agency of the party, it would not have been sufficient to set aside the verdict. There is no reason to suppose that the jury were influenced by anything but the facts proven in Court; they took a very irregular method of refreshing their memory as to those facts; but it was not such gross and essential misconduct as to vitiate the verdict. Motion denied.